IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH HOLMES, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| DAVID DIGUGLIELMO, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF PHILADELPHIA, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | NO. 07-2886 |

REPORT AND RECOMMENDATION

JACOB P. HART                                                                                         September 12, 2007
UNITED STATES MAGISTRATE JUDGE

Now pending before the Court is a <u>pro se</u> Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Graterford, Pennsylvania. For the reasons which follow, it is recommended that the Petition be dismissed as untimely.

I.      PROCEDURAL HISTORY

Petitioner, along with two co-conspirators, allegedly robbed the owner of a check cashing business at gunpoint. The robbery took place on November 13, 1991, when the victim stepped outside of his business at 2933 N. 22nd Street in Philadelphia. Petitioner, Kenneth Holmes, allegedly grabbed the briefcase after one of his co-conspirators put a gun to the victim's head.

On December 22, 1993, after a bench trial before the Honorable Arnold L. New, Holmes was

convicted of robbery, aggravated assault, criminal conspiracy, possession of an instrument of crime, theft by unlawful taking, recklessly endangering another person, and violating the Uniform Firearms Act.  He was sentenced on March 21, 1994, to concurrent terms of ten to twenty years incarceration each for robbery and aggravated assault, five to ten years for conspiracy, two and a half to five years for possession of an instrument of crime, and two and a half to five years for violating the Uniform Firearms Act.

Holmes did not file a timely direct appeal, but his appellate rights were reinstated. Thereafter, he filed a nunc pro tunc appeal and the Pennsylvania Superior Court affirmed his conviction on March 13, 1996, by issuing an unpublished memorandum opinion. Commonwealth v. Holmes, 678 A.2d 828 (Pa. Super. 1996) (table).  The Pennsylvania Supreme Court denied his petition for allocatur on August 12, 1996.  Commonwealth v. Holmes, 682 A.2d 308 (Pa. 1996) (table).

On July 29, 1997, Holmes filed a petition for collateral relief under the Pennsylvania Post-Conviction Relief Act, 42 Pa.C.S. § 9545, et. seq. ("PCRA").  Appointed counsel filed an amended petition, which the PCRA court dismissed on August 20, 1999.  Petitioner filed an appeal of the dismissal of the PCRA petition.  The Superior Court dismissed the appeal on June 29, 2000, for failure to file a brief.

Holmes filed a second PCRA petition on December 15, 2000, which was apparently not docketed.  On April 8, 2005, he filed another PCRA petition, purporting to amend his December 15, 2000 petition.  The PCRA court then issued a notice of its intent to dismiss the petition as untimely. Thereafter, on October 21, 2005, the PCRA court dismissed his December 15, 2000 petition as untimely.  On January 17, 2007, the Superior Court issued a memorandum opinion affirming the

dismissal of the petition as untimely. Commonwealth v. Holmes, 919 A.2d 971 (Pa. Super. 2007) (table) (unpublished memorandum opinion- Respondent's Exhibit A). The Court explained that even considering the April 2005 petition as a supplement to the December 2000 petition, it was still untimely when filed in December 2000. Id. at p. 7. On June 14, 2007, the Pennsylvania Supreme Court denied allocatur. Commonwealth v. Holmes, 927 A.2d 623 (Pa. 2007) (table).

On June 27, 2007[1], Holmes filed the instant Petition for Writ of Habeas Corpus, attacking his conviction and alleging the following grounds for relief:

1) His guilty verdicts were against the weight of the evidence;
2) Appellate counsel was ineffective for failing to asserts on direct appeal a claim of trial counsel's ineffectiveness for failing to call an alleged alibi witness;
3) Appellate counsel was ineffective for failing to challenge the constitutionality of his convictions of aggravated assault and recklessly endangering another person;
4) Trial and appellate counsel were ineffective for failing to argue at trial and on direct appeal that his sentences for possessing an instrument of crime and violations of the Uniform Firearms Act were "duplicitous" because they arose out of the same single criminal act;
5) The evidence was insufficient to support his convictions of aggravated assault, recklessly endangering another person, possessing an instrument of crime, and carrying a firearm without a license;
6) The trial court abused its discretion by convicting him on allegedly insufficient evidence;
7) His sentence was imposed in violation of Shepard v. United States, 544 U.S. 13 (2005), interpreting the federal Armed Career Criminal Act;
8) The State Courts erred in dismissing his PCRA petitions in light of the alleged ineffectiveness of PCRA counsel; and
9) His due process and equal protection rights have been violated by the Pennsylvania Department of Corrections and the Parole Board in that he allegedly has been denied a parole hearing.

---

[1] A pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Although the petition was docketed on July 13, 2007, because petitioner executed his habeas petition on June 27, 2007, we will presume, for purposes of this matter, that he handed it to prison officials on the same day.

In reply, the respondent argues that the entire petition must be dismissed as time-barred.

II.     TIMELINESS

Notwithstanding Holme's allegation of substantive grounds for relief, one procedural obstacle precludes federal review of those claims – timeliness. Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[2]

28 U.S.C. § 2244(d)(1) (1996). If direct review of a criminal conviction ended prior to the statute's effective date, then under Third Circuit precedent, a prisoner has a one-year grace period subsequent to the effective date to commence a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute, however, creates a tolling exception, which notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

---

[2] The statute also sets forth three other potential starting points for the running of the statute of limitations, as follows:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As petitioner has not alleged and the Court cannot glean any facts indicating that any of these other starting points should be used, we do not consider them.

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d) (2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as either time-barred or waived, then it is not deemed to be a "properly-filed application" for tolling purposes. Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1812 (2005); see also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

In the case at bar, petitioner's conviction became final on November 10, 1996, ninety days after the Pennsylvania Supreme Court denied allocatur and his time for seeking certiorari in the United States Supreme Court expired. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court). Holmes properly filed his first PCRA petition on July 29, 1997, which remained pending until June 29, 2000. Accordingly, Holmes' federal limitations period was tolled during the two years and eleven months, while the state petition was pending. However, over eight months of his federal limitations period had already passed prior to his filing of the state PCRA petition, leaving Holmes with less than four months from June 29, 2000, or until approximately October 11, 2000, to file the present federal Petition for Writ of Habeas Corpus.

Holmes filed a second PCRA petition on December 15, 2000 and a third petition or supplement to the December 15, 2000 petition, in April 2005, neither of which acted to toll the limitations period, as they were deemed untimely by the state court. Pace v. DiGuglielmo, 544 U.S. at 413, 125 S. Ct. at 1812; see also Merritt v. Blaine, 326 F.3d at 165-66. Further, these petitions

were filed after the expiration of the federal limitations period.[3]  Accordingly, Holmes had until October 11, 2000 to file his federal habeas petition, but failed to do so until June 27, 2007, nearly seven years later.  Having thus failed to comply with the one-year limitation, this Court has no choice but to dismiss the request for habeas relief without consideration on the merits.

One avenue of relief remains for petitioner.  The statute of limitations in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted).  The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient." Id. at 618-619 (internal quotation omitted).  The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S. Ct. 323 (2001) (citing cases).  To otherwise apply equity would "loose

---

[3]Holmes states in his petition that the PCRA court has still never acted on his December 2000 petition. (Petition at p. 6-7).  However, the Pennsylvania Superior Court's opinion clearly states that the April 2005 petition was filed as a supplement to the December 2000 petition and that both were untimely.  The court stated that the December 2000 petition was filed more than five years after his judgment of sentence became final and the April 2005 petition (purporting to be an amendment to the December 2000 petition) was filed more than eight years and four months after his conviction became final. Memorandum Opinion- Exhibit A at p. 6.  Therefore, whether considered as two separate petitions or considering the April 2005 petition as an amendment, the Superior Court found that they were both untimely filed.  Furthermore, regardless of the state court's findings, the PCRA petitions could not act to toll the federal limitations period as it had expired before Holmes filed either of these petitions.

the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner has not set forth any explanation for the over three year delay in filing this petition, let alone a reason constituting extraordinary circumstances. In his traverse, petitioner seems to argue that the state court's delay in ruling on his second PCRA petition constitutes government interference which would warrant equitable tolling. However, as explained above, Petitioner's federal limitations period had lapsed on October 11, 2000, over two months prior to his filing of the second habeas petition. Accordingly, any delay by the state court in ruling on that PCRA petition had no effect on his federal limitations period. Consequently, we decline to exercise our equitable tolling powers and we dismiss his entire petition.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this            day of September, 2007, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DISMISSED. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH HOLMES, | : | NO. 2:07-cv-2886 |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| DAVID DIGUGLIELMO, | : | |
| SUPERINTENDENT, | : | |
| AND | : | |
| THE DISTRICT ATTORNEY OF | : | |
| THE COUNTY OF PHILADELPHIA, | : | |
| AND | : | |
| THE ATTORNEY GENERAL OF | : | |
| THE STATE OF PENNSYLVANIA, | : | |
| Respondents | : | |

**O R D E R**

ROBERT F. KELLY, J.

AND NOW, this            day of                   , 2007, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
ROBERT F. KELLY, J.